IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN WAYNE WILLIAMS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3298 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

## MEMORANDUM OPINION AND ORDER

Marvin Wayne Williams, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254, challenging his conviction for aggravated robbery with a deadly weapon. Respondent filed an answer, which the Court construed as a motion for summary judgment. (Docket Entry No. 11.)  Petitioner filed a response.  (Docket Entry No. 15.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this action.

## I.  PROCEDURAL BACKGROUND

A jury found petitioner guilty of aggravated robbery with a deadly weapon under cause number 954592 in the 338th District Court of Harris County, Texas, as enhanced by two prior felony convictions. Punishment was assessed at thirty-one years confinement. The conviction was affirmed on appeal. *Williams v. State*, No. 01-04-00836-CR (Tex. App.– Houston [1st Dist.] 2005, pet. ref'd).  The Texas Court of Criminal Appeals refused

discretionary review and denied petitioner's application for state habeas relief. *Ex parte Williams*, Application No. 16,697-04, at cover.

Petitioner raises the following habeas grounds in the instant petition:

1.   a *Brady* violation by the State;

2.   prosecutorial misconduct for presenting perjured testimony;

3.   trial court error for failing to provide a lesser included jury charge;

4.   factual insufficiency of the evidence;

5.   ineffective assistance of trial counsel for:

    a.   making a contradictory closing argument;

    b.   failing to investigate;

    c.   failing to object to improper closing argument; and

    d.   failing to request a lesser included jury charge;

6.   ineffective assistance of appellate counsel for:

    a.   failing to challenge the photo spread;

    b.   failing to raise trial counsel's ineffectiveness; and

    c.   failing to raise a *Brady* violation.

Respondent argues that these claims are procedurally barred and/or fail as a matter of law.

2

## II. THE APPLICABLE LEGAL STANDARDS

A.    Habeas Review

This petition is governed by applicable provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal relief

cannot be granted on legal issues adjudicated on the merits in state court unless the state

adjudication was contrary to clearly established federal law as determined by the Supreme

Court, or involved an unreasonable application of clearly established federal law as

determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28

U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies

a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a

set of facts that are materially indistinguishable from such a decision and arrives at a result

different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies

the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or

unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable,

this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under

28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a

3

factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330–31.

B.   Summary Judgment

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by

4

clear and convincing evidence, such findings must be accepted as correct by the federal

habeas court. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other*

*grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. PROCEDURALLY DEFAULTED CLAIMS

Respondent argues that petitioner's claims regarding a *Brady* violation, use of

perjured testimony, and trial court error for failing to include a lesser included jury charge

are unexhausted, procedurally defaulted, and barred from consideration by this Court.

Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner's federal habeas petition will not

be granted unless he has exhausted his available state court remedies. In order to satisfy the

exhaustion requirement, a claim must be presented to the highest court of the state for review.

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). For purposes of exhaustion, the Texas

Court of Criminal Appeals is the highest court in the state which has jurisdiction to review

a petitioner's conviction. TEX. CODE CRIM. PROC. art. 44.45. To proceed before that court,

a petitioner must either file a petition for discretionary review or an application for a

post-conviction habeas relief. However, in order to satisfy the exhaustion requirement, a

petitioner must have not only presented his claims to the highest state court, but he must have

presented them in a procedurally correct manner. *Castille v. Peoples*, 489 U.S. 346, 351

(1989). When a petitioner raises a claim in a procedural context in which its merits will not

be considered, he has not "fairly presented" the claim to the state courts and, therefore, has

Case 4:08-cv-03298   Document 23   Filed in TXSD on 01/20/12   Page 6 of 30


not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989).

In the instant case, petitioner did not raise these three claims on direct appeal. Although he raised the claims on state habeas review, the trial court found that the claims should have been raised on direct appeal and were defaulted. *Ex parte Williams*, pp. 107–08. *See Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989)(holding that state habeas petitions may not be used to litigate matters which should have been brought on direct appeal). Because these claims are now procedurally barred under state law, the federal procedural default doctrine precludes federal habeas review by this Court. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

For this Court to reach the merits of these procedurally defaulted claims, petitioner must establish "cause" and "prejudice" regarding the state court's failure to consider the claims. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). Petitioner does not expressly argue or establish cause and prejudice for his default of these claims; he instead contends that he raised these issues in his unsuccessful *pro se* application for discretionary review. (Docket Entry No. 15, pp. 4–5.) However, because the claims were not presented to the First Court of Appeals in Houston, petitioner's inclusion of the unexhausted claims in

his petition for discretionary review did not effect procedurally proper exhaustion. *See Castille*, 489 U.S. at 351.

Even assuming proper exhaustion – or construing petitioner's ineffective assistance of counsel claims as implied cause for the default – petitioner's claims are without merit. To establish a constitutional violation under *Brady v. Maryland*, 373 U.S. 83 (1963), a petitioner must show that the State suppressed evidence favorable and material to the defense and that the discovery of the evidence was not the result of a lack of due diligence on the part of the defense. *Id.* at 87. Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Bagle*, 473 U.S.667, 684 (1985). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* at 678, 684.

The factual basis for petitioner's *Brady* claim is unclear from his pleadings. He generally contends that the State failed to disclose exculpatory or impeachment evidence during pretrial discovery. In denying habeas relief under this claim, the trial court made the following relevant findings:

1.     Applicant's belated challenges to the alleged misconduct of the prosecutor in the primary case are the kind of 'record claims' that should have been raised on direct appeal; Applicant is now procedurally defaulted from litigating these issues by way of habeas.

2.     In the alternative, Applicant fails to allege sufficient facts which, if true, would show that the State withheld exculpatory evidence in the primary case. *Brady v. Maryland*, 373 U.S. 83 (1963).

7

*Ex parte Williams*, p. 107 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

Petitioner fails to direct the Court to any relevant portions of the record establishing his allegations of a *Brady* violation, and the Court finds none. Petitioner's conclusory allegations of one or more *Brady* violations are insufficient to raise a genuine issue of material fact precluding summary judgment. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (holding that, absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value). Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Petitioner would not be entitled to relief under this claim.

Petitioner would fare no better under his claim that the State presented perjured testimony. In support of his argument, petitioner generally contends that the prosecution presented witnesses whose testimony conflicted. For petitioner to prevail under this claim, he must show (1) the actual falsity of a witness's testimony, (2) that the testimony was material, and (3) that the prosecution knew the witness's testimony was false. *See Giglio v.*

8

*United States*, 405 U.S. 150, 153–54 (1972); *Fuller v. Johnson*, 114 F.3d 491, 496 (5th Cir. 1997); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

In denying habeas relief under this issue, the trial court made the following relevant findings:

> 1.  Applicant's belated challenges to the alleged misconduct of the prosecutor in the primary case are the kind of 'record claims' that should have been raised on direct appeal; Applicant is now procedurally defaulted from litigating these issues by way of habeas.
>
> &ast; &ast; &ast; &ast;
>
> 3.  In the alternative, Applicant fails to allege sufficient facts which, if true, would entitle him to relief on his claim that the prosecutor committed misconduct by presenting perjured testimony in the primary case.

*Ex parte Williams*, p. 107 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

Petitioner here does little more than point out conflicts or inconsistencies in the evidence and testimony. Conflicting or inconsistent testimony establishes a credibility question for the jury, and does not suffice to establish that certain testimony was perjured. *Koch*, 907 F.2d at 531. Absent a showing that certain testimony at issue was actually false, and that the prosecutor knew it was false, petitioner fails to establish a constitutional violation. Petitioner provides no probative evidence for his claim of prosecutorial misconduct and perjury, and the record does not disclose any. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of,

federal law or was an unreasonable determination of the facts based on the evidence in the record. Accordingly, he would not be entitled to relief under this claim.

Nor would he merit federal habeas relief on his claim that the trial court erred in not providing the jury a lesser included charge for theft. Petitioner did not request, and the trial court did not refuse to provide, a lesser included jury charge. In denying habeas relief under this issue, the trial court made the following relevant findings:

4.    Because Applicant did not raise his challenge to the trial court's charge on direct appeal, he is procedurally barred from litigating the issue in the instant habeas proceeding.

5.    In the alternative, Applicant fails to allege sufficient facts which, if true, would entitle him to relief on his claim that the jury charge in the primary case was defective.

*Id.*, pp. 107–108 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

The issue of a jury charge for a lesser included offense arises solely under state law. It is well established that federal habeas corpus relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). An error of state law "does not justify federal habeas corpus relief unless it is of such magnitude as to constitute a denial of fundamental fairness under the due process clause." *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). The Fifth Circuit Court of Appeals recognizes that, "In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988). Petitioner fails

to show that the state court's determination was contrary to or involved an unreasonable

application of federal law or was an unreasonable determination of the facts based on the

evidence in the record.  Petitioner would not be entitled to federal habeas relief under this

issue.

## IV.  FACTUALLY INSUFFICIENT EVIDENCE

Petitioner claims that the evidence is factually insufficient to support his conviction.

This claim must be dismissed, as factual insufficiency of the evidence is not a cognizable

federal habeas ground.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Woods v. Cockrell*, 307

F.3d 353, 357–58 (5th Cir. 2002).

Given a liberal construction, petitioner's argument raises a legal sufficiency challenge.

The state court on direct appeal set forth the following statement of facts in its opinion

affirming petitioner's conviction:

> Gary Thomas, an employee of Humble Wholesale Ice, an ice house, testified
> that he saw [Williams] sitting in a truck with a trailer attached in front of the
> ice house at approximately 9:30 a.m. on May 23, 2003.  Thomas testified that
> [Williams] told him he was looking for work.  Thomas said that he saw the
> same truck and trailer backed into the entrance of Star Steel and Trading at
> around 9:45 a.m.  Thomas identified [Williams] at trial and testified that he
> had previously identified him from a photo spread.  Thomas's employer, Leon
> Boeker, testified that he saw Thomas speaking to the driver of the truck, but
> could not identify [Williams] as the driver.
>
> The complainant, Charles Elliott, was the owner of Star Steel and Trading, a
> business located in Humble, Texas.  Elliott testified that he arrived at his
> business at approximately 10:00 a.m. that morning and saw a truck with a
> trailer attached on his property.  Elliott identified [Williams] as the man he saw
> next to the truck and testified that he had previously identified [Williams] from
> a photo spread.  When Elliot approached the truck and asked [Williams] what

11

he was doing, [Williams] jumped into the truck and drove away and would have hit Elliot if Elliot had not jumped out of the way. Elliot testified that he was in fear of imminent bodily injury or death. Elliott got back into his car and chased [Williams] for some time. When [Williams] pulled his truck into a subdivision that Elliott knew had no other exit, Elliot waited in a parking lot near the subdivision exit. When the truck eventually reappeared, Elliott noted that it was no longer towing the trailer and that he was able to give the license number to the 9-1-1 operator. Elliott resumed the chase and was joined in it by his daughter, Theresa Armendariz, who happened to drive by. According to Elliot's testimony, when the truck 'spun out and died' at the intersection of Frost Street and the feeder road to Highway 59 in Humble, [Williams] got out of the truck, reached back into the cab of the truck, pulled a handgun from it, and ran down Frost Street. Elliot testified that police arrived immediately after [Williams] disappeared from view after 'cut[ting] through a house area.' Elliott, his daughter, and police officers later found the trailer abandoned in the subdivision into which he had seen [Williams] drive the truck, and Elliot testified that they found valuable machines from his business inside the trailer.

Armendariz, complainant's daughter, also identified [Williams] at trial and testified that she had previously identified him from a photo spread. She testified that she witnessed the end of the chase, saw [Williams]'s truck spin out, and saw [Williams] flee on foot after pulling a handgun from his truck.

Officer Martinez of the Houston Police Department testified that he received a dispatch at 12:05 p.m. and arrived at the intersection of Frost and Highway 59 at 12:07 p.m. Martinez testified that he observed [Williams]'s abandoned truck and spoke with Elliot and Armendariz.

[Williams] testified that he was shopping on May 23, 2003 at the Home Depot in Humble from around 8:00 or 8:30 a.m. until 10:00 or 10:30 a.m. [Williams] said that when he left the store he saw that his truck had been stolen and that he called 9-1-1 and was transferred to the Humble police, but was unable to provide his truck's license number because he had just purchased it and had three other vehicles. [Williams] said that a man he had been talking to in the store gave him a ride to the shop where he worked, and that he located the registration for his truck there. [Williams] testified that he drove another vehicle to the Humble police station to file a report on his stolen truck and arrived there at around noon.

Humble police officer Benjamin Kay testified that [Williams] met with him at 12:20 p.m. that day to report his truck stolen, and that the report indicated that [Williams] had first spoken with the dispatcher in the station at 12:12 p.m. Kay testified that the distance from the intersection where [Williams]'s truck was abandoned to the Humble police station was approximately three miles.

[Williams] testified that he had the keys to his truck in his pocket when he was shopping at the Home Depot. However, [he] admitted on cross-examination that the Houston police found the ignition key inside the truck and that his truck was not damaged by forcible entry or by being started without a key. [Williams] also admitted that he had previously stated he was at the Home Depot for only 30 to 45 minutes.

*Williams*, pp. 2–5.

In reviewing the sufficiency of the evidence, the federal standard for review is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, the jury may disregard any evidence it chooses to disregard, as it is the "responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts." *Id.* Any contradictory testimony does not affect the validity of the guilty verdict. *Id.* The evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence. *See Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

The evidence set forth by the state court of appeals in its opinion is itself enough to allow a rational trier of fact to convict petitioner of the allegations in the indictment and jury charge, and the evidence presented at trial was enough to defeat a legal sufficiency challenge in a Texas appellate court. *See King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000);

13

*Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).[1] An independent review of the trial record reveals sufficient evidence under *Jackson* to sustain the jury's verdict, and respondent is entitled to summary judgment dismissal of this claim.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).

[1]Petitioner's direct appeal was reviewed and considered prior to the Texas Court of Criminal Appeals decision in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), which held that factual sufficiency challenges would no longer be recognized in state criminal appeals.

To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner alleges that trial counsel was ineffective in four specific instances: his closing argument was contradictory, he failed to investigate properly, he failed to object to improper closing argument, and he failed to request a lesser included jury charge.

A.     Contradictory closing argument

Petitioner complains that trial counsel made contradictory or unsupported arguments during his closing statement. Specifically, petitioner challenges as ineffective the following portions of trial counsel's closing argument:

> Okay. Now, we got to take those two facts into consideration. Mr. Elliott tells you that the guy is running down the street, cuts into the woods, boom, the

police pull up. Officer Martinez says – he looked at his offense report and he said, you know what, according to my offense report, 12:05 got the dispatch, 12:07 arrive on the scene. Okay. Something to think about.

Officer Kay, put Mr. Williams – along with Mr. Williams they both say 12:12 I'm down at the Humble Police Department. The question you have to ask yourselves is: How could Mr. Williams be running into the woods at 12:07 and down at the police department at 12:12, some three-and-a-half [miles] away dressed totally different? Okay.

Now, there are two logical answers. And they are real easy answers. One is that the times are messed up. Somebody somewhere made a mistake on the times. That is one logical answer. The other logical answer is that the witnesses saw somebody else other than Mr. Williams committing the crime. That's the other logical answer. Okay? That's up to you to decide. I can't decide for you. But does it raise reasonable doubt? You have to ask yourself, could it raise reasonable doubt. Does it raise it with you?

R.R., Vol. V, pp. 164–65.

The state court on direct appeal rejected petitioner's claim of ineffective assistance of trial counsel, as follows:

Appellant, in his second point of error, asserts that he received ineffective assistance of counsel. Specifically, appellant contends that his counsel's assistance was rendered ineffective by the following statement counsel made in closing arguments: 'Now, there are two logical answers. And they are real easy answers. One is that the times are messed up. Somebody somewhere made a mistake on the times. That is one logical answer.' Appellant asserts that there was no evidence that anyone made an error in recording the time, implying that his counsel created an issue regarding the accuracy of the timetable by making a strategically unwise statement.

The record also reflects that, immediately after making the statement appellant complains of, appellant's counsel told the jury: 'The other logical answer is that the witnesses saw somebody else other than [appellant] committing that crime. That's the other logical answer. Okay? That's up for you to decide. I can't really decide for you. You have to ask yourself, could it raise reasonable doubt? Does it raise it with you?' The record also reveals that in

its closing argument, the State argued that the timetable evidence did not make it impossible for appellant to get to the Humble police station, and that appellant's asserted timetable could have been inaccurate because of a discrepancy in the timing of events reported by any one of the witnesses.

                    *    *    *    *

In this case, the record is silent as to why appellant's trial counsel presented the argument appellant asserts is proof of ineffective assistance of counsel. However, appellant's trial counsel's performance was clearly not so outrageous that no competent attorney would engage in it. Appellant has not overcome the strong presumption that his counsel's conduct falls within a wide range of reasonable professional assistance and might be considered sound trial strategy.

*Williams*, pp. 3–4 (citations omitted).

Petitioner re-asserted this claim on state collateral review. In his affidavit submitted

to the trial court on collateral review, trial counsel responded to the claim as follows:

I had discussed the case with the prosecutor many times. I knew from these conversation[s] that the prosecutor was aware of the contradictory testimony concerning the time line. The prosecutor had expressed his belief that his three witnesses were correct in their identification and that one of the officers had made a mistake regarding the time line. The prosecutor told me he believed that a slight mistake in the time line would give [petitioner] enough time to arrive at the Humble Police Department after the robbery.

I knew that the prosecutor planned to dispute the time line in his closing argument. The State waived opening but reserved the right to close. Therefore, since the defense would not be able to rebut the prosecutor's final argument I chose to address the matter during my close. I brought up the matter that either the witnesses were wrong or the police were wrong in order to raise reasonable doubt.

In my argument I pointed out the inconsistencies in the witnesses identifications and the limited opportunity they had to observe the robber. I also showed that Officer Martinez had noted the dispatch time received from the dispatcher as well as the time he arrived on the scene. This meant he

17

would have to had to make two mistakes if his time were wrong. I also
showed that Officer Kray [sic] noted an arrival time as well as an interview
time on his report. This meant he would also have had to make two mistakes
if his time were wrong.

Either the witnesses were mistake[n] in their identification or two highly
trained officers were mistaken in their reports. I tried to point out that the
chances of the witnesses being mistaken was greater than that of two different
officers being mistaken. I argued to the jury that this raised enough reasonable
doubt for acquittal.

*Ex parte Williams*, pp. 101–102.

In denying habeas relief, the trial court found that the facts asserted in trial counsel's

affidavit were true and that the affidavit was credible. The trial court made the following

relevant findings:

7.    Applicant fails to show that trial counsel's conduct fell below an
      objective standard of reasonableness and that, but for trial counsel's
      alleged deficient conduct, there is a reasonable probability that the
      result of the proceeding would have been different.

                    *    *    *    *

9.    The totality of the representation afforded Applicant was sufficient to
      protect his right to reasonably effective assistance of counsel.

*Id.*, p. 109 (citations omitted). The Texas Court of Criminal Appeals relied on these findings

in denying habeas relief.

Petitioner fails to rebut the presumption that trial counsel's closing argument

statements constituted reasonable trial strategy. The time line discrepancies created by the

witnesses were significant, as the time lines governed whether petitioner did, or did not, have

time to commit the offense then appear at the police station. It was not an unreasonable trial

18

strategy for trial counsel to discuss the time line inconsistencies, and to offer one or more

ways for the jury to reconcile the differences in favor of the defense. Petitioner's arguments

– that there were no inconsistencies and that it was trial counsel's closing argument that

created the confusion – are refuted by the record itself.

Petitioner fails to show that the state court's determination was contrary to, or

involved an unreasonable application of, *Strickland* or was an unreasonable determination

of the facts based on the evidence in the record. No basis for habeas relief is shown, and

respondent is entitled to summary judgment under this issue.

B.      Failure to investigate

Petitioner asserts that trial counsel was ineffective in failing to investigate (1) the 911

calls he made to report his vehicle as stolen, (2) the consistency of the assailant's descriptions

given by the witnesses, and (3) the keys found in petitioner's car, which he alleges were not

his. He also complains that trial counsel failed to "preserve error." The specific factual basis

for petitioner's arguments are again unclear and generalized.

In his affidavit submitted to the trial court on collateral review, trial counsel responded

to petitioner's claim regarding the 911 calls, as follows:

> An investigation into the existence of 911 calls was conducted. I spoke with
> dispatchers at the Humble Police Department and with a 911 supervisor.
> Neither the Humble Police Department nor 911 could find any record of a call
> concerning a stolen car made on the date [petitioner] claims. I also learned
> that had a 911 report of a stolen car been made, then the procedure of the
> Humble Police Department required the dispatch of police to the scene. There
> is no record that any police were ever dispatched to the Home Depot. Counsel
> could find no record that [petitioner] ever made a 911 call.

19

I also hired private investigator Christian Wendenburg, [who] filed a subpoena for these cell phone records with the Harris County District Clerk's Office and served the subpoena upon Cingular Wireless, Cingular responded that no records could be located based upon the subscriber information. Mr. Wendenburg later discovered that [petitioner] did not have an actual Cingular Wireless telephone account but had only a pre-paid phone. Mr. Wendenburg again contacted Cingular regarding these records and found out that they did not maintain records regarding pre-paid phones.

*Ex parte Williams*, pp. 101–102.

In denying habeas relief, the trial court found that the facts asserted in trial counsel's affidavit were true and that the affidavit was credible. The trial court made the following relevant findings:

> 7.   Applicant fails to show that trial counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

> \*   \*   \*   \*

> 9.   The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Id.*, p. 109 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

It is well established that defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. *Strickland*, 466 U.S. at 691. However, in assessing unreasonableness, a heavy measure of deference must be applied to counsel's judgments. *Id.* "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation

20

would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). In absence of this specificity, ineffective assistance of counsel cannot be established. *United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986) ("Since Lewis has not pointed out any evidence which would have been produced by a more thorough investigation, much less evidence that would be sufficient to undermine confidence in the outcome of trial, no prejudice has been shown.").

Petitioner fails to present probative evidence of what evidence any additional investigation would have uncovered, or that the evidence would have altered the outcome of his trial. Petitioner's conclusory allegations of deficient investigations and missing evidence do not constitute probative summary judgment evidence, and are insufficient to raise a genuine issue of material fact precluding summary judgment.

Petitioner further fails to identify any particular rule of evidence that trial counsel "failed to investigate," or what specific evidence he "failed to preserve." To the extent petitioner complains that trial counsel should have objected to the introduction of the keys into evidence, the record shows that the keys were not introduced into evidence. Nor does petitioner present any probative summary judgment evidence that a different set of keys were found in the vehicle and that the State suppressed disclosure of their existence to the defense.

Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination

21

of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment under this issue.

      C.     Failure to object to improper closing argument

Petitioner complains that trial counsel failed to object to suggestions made by the prosecution during closing argument that an officer had testified incorrectly as to what time petitioner arrived at the police station to report his vehicle stolen.  He further complains that trial counsel should have objected to the prosecution's use of purportedly perjured testimony during closing argument.

In denying habeas relief under these grounds, the trial court made the following relevant findings:

> 7.     Applicant fails to show that trial counsel's conduct fell below an objective standard of reasonableness and that that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.
>
>                   *    *    *    *
>
> 9.     The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Ex parte Williams*, p. 109 (citations omitted).  The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

Under Texas law, a proper jury argument may comprise (1) a summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the argument of opposing counsel, and (4) a plea for law enforcement.  *Wilson v. State*, 7 S.W.3d 136, 147

(Tex. Crim. App. 1999). The State's suggestion that the police officer's time line was wrong was a reasonable deduction from the evidence, given the discrepancies between the police officer's time line and the time line of other witnesses. It was also proper argument in that it was in response to defense counsel's argument that the other time lines were wrong.

Moreover, petitioner is not entitled to habeas relief under his complaint that trial counsel failed to object to the State's use of "perjured" testimony during closing argument. The record does not establish that the evidence was perjured, and petitioner's allegations to the contrary are conclusory, unsupported, and insufficient to constitute probative evidence raising a genuine issue of material fact precluding summary judgment. *See Schlang*, 691 F.2d at 799; *Ross*, 694 F.2d at 1011. Inconsistent or contradictory testimony of witnesses does not establish perjury, and counsel is not deficient in failing to make meritless objections. *Koch v. Puckett*, 907 F.2d at 528, 531.

The state courts denied relief under this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment under this issue.

D.     Failure to request a lesser included jury charge

Petitioner contends that trial counsel should have requested a jury charge on the lesser included offense of theft. In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

23

I did not believe it was appropriate to request a jury instruction regarding a lesser included offense of theft. The evidence did not warrant any such instruction. The complaining witness'[s] version of events was unrebutted. [Petitioner] took the stand and denied committing any crime. [Petitioner's] defense was that his car had been stolen and he had not even been at or near the scene of the robbery. [Petitioner] denied ever breaking into the building or committing any crime. Had [he] admitted to the theft or burglary of the building but denied trying to run over the complaining witness, a lesser included instruction might have been appropriate. However, [petitioner's] testimony established he was nowhere near the crime scene and never committed any crime.

*Ex parte Williams*, p. 104.

In denying habeas relief, the trial court found that the facts asserted in trial counsel's affidavit were true and that the affidavit was credible. The trial court made the following relevant findings:

7.    Applicant fails to show that trial counsel's conduct fell below an objective standard of reasonableness and that, but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

\*    \*    \*    \*

9.    The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel.

*Id.*, pp. 107–109 (citations omitted). The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

In Texas, a criminal offense is considered a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. art. 37.09(1). A defendant is entitled to an

24

instruction on a lesser included offense when (1) the proof for the offense charged includes the proof necessary to establish the lesser included offense and (2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser included offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). At trial in the instant case, the State presented evidence that petitioner committed aggravated robbery; petitioner testified that he committed *no* crime because his truck had been stolen and he was not at the scene. Petitioner's entire defensive strategy was to deny any involvement in the criminal offense. Neither petitioner nor the record evinces evidence that permits a rational jury to find that if petitioner was guilty, he was guilty only of the lesser included offense of theft. Petitioner fails to show that, but for counsel's failure to request the lesser included offense jury charge, there is a reasonable probability that the result of his trial would have been different.

The state courts denied relief under this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this issue.

## VI.  INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate

performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687–88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394. Nor will counsel be deficient for failing to press a frivolous point. Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner. *Id.* at 394. A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues on appeal will, or will not, prove fruitful. *See Strickland*, 466 U.S. at 690-91.

Petitioner claims that appellate counsel was ineffective in the following instances:

A.     Failure to challenge the photo spread and identification

Petitioner claims that appellate counsel was deficient in failing to argue that the photo spread used by several witnesses to identify him was overly suggestive or that trial counsel was ineffective in failing to investigate the identification procedure.

The state court on collateral review rejected petitioner's claims of ineffective assistance of appellate counsel. *Ex parte Williams*, p. 109. The Texas Court of Criminal Appeals relied on the trial court's determinations in denying habeas relief.

26

The record shows that trial counsel objected to the photo spread and the ensuing identifications, and that a pretrial suppression hearing was held. *See* R.R., Vol. 3. Following the hearing, the trial court denied trial counsel's objections and ruled that the photo spread and identifications were admissible. *Id.*, p. 69. Petitioner presents no probative summary judgment evidence, or even a factual argument, that the photo spread was overly suggestive, nor does he specify what investigations trial counsel failed to undertake regarding the photo spread and identifications, what evidence the investigations would have disclosed, and how it would have altered the outcome of his trial and appeal. Petitioner's conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment.

The state courts denied habeas relief on petitioner's claim of ineffective appellate counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

B.    Failure to raise trial counsel's ineffectiveness

Petitioner claims that appellate counsel should have argued that trial counsel was deficient in not challenging the photo spread and in not requesting a lesser included jury charge.

Claims of ineffective assistance of trial counsel are usually raised on collateral review, not direct appeal, because the trial record on direct appeal generally is insufficient to

27

establish a *Strickland* claim of deficient performance and prejudice. *See Williams*, at \*4. Further, the state court on collateral review rejected petitioner's claims of ineffective assistance of appellate counsel. *Ex parte Williams*, p. 109. The Texas Court of Criminal Appeals relied on the trial court's determinations in denying habeas relief.

This Court has already rejected as without merit petitioner's claims that trial counsel was ineffective. Accordingly, petitioner does not establish that appellate counsel was ineffective in failing to raise ineffective assistance of trial counsel as error on direct appeal, or that he was prejudiced on appeal by this failure. Appellate counsel is not ineffective in failing to raise groundless errors on appeal. *Evitts*, 469 U.S. at 394.

The state court denied relief under this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this issue.

     C.    Failure to raise a *Brady* violation

This Court has already determined that petitioner has not established a *Brady* violation under the facts and record in this case. Accordingly, appellate counsel was not ineffective in failing to raise this argument on appeal. *Evitts*, 469 U.S. at 394. Further, the state court on collateral review rejected petitioner's claims of ineffective assistance of appellate counsel.

*Ex parte Williams*, p. 109. The Texas Court of Criminal Appeals relied on the trial court's determinations in denying habeas relief.

The state courts denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment under this ground.

## VII. EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on all of his claims except as to the claim for trial court error. (Docket Entry No. 15, p. 15.) Under the AEDPA, evidentiary hearings are granted only if the petitioner's claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. §§ 2254(e)(2)(A), (B).

Petitioner fails to meet this burden of proof, and he is not entitled to an evidentiary hearing under his conclusory and unsupported allegations. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991). The request for an evidentiary hearing is **DENIED**.

## VIII.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED**.

The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH**

**PREJUDICE**.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20th day of January, 2012.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE